## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.

SHARES! UGANDA LIMITED,

        Plaintiff,

   vs.

GOLD FOODS USA LLC, and
ZORS LLC,

        Defendants.

### COMPLAINT

Plaintiff, SHARES! UGANDA, LIMITED ("SUL"), sues Defendants, GOLD FOODS USA LLC ("GOLD FOODS"), and ZORS, LLC ("ZORS").

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a state (GOLD FOODS and ZORS) and a citizen or subject of a foreign state (SUL).

2.  GOLD FOODS and ZORS are residents of and conduct business in Florida. A substantial part of the acts and occurrences giving rise to the claims made in this action occurred within this judicial district. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

### PARTIES

3.  SUL is a Ugandan limited company with a principal place of business located at Mukono, Lwanyonyi Village, Mukono, Uganda. SUL is composed of three members, Van Esch

Holding BV, Shares Oeganda BV, and Driejodast Beheer BV, all of which are citizens of The Netherlands.

4.    GOLD FOODS is a Florida limited liability company with its principal place of business in Miami, Florida. Based on public records and upon information and belief, GOLD FOODS is composed of two individual members, who are citizens of the state of Florida.

5.    ZORS is a Florida limited liability company with a principal place of business in Doral, Florida. Based on public records and upon information and belief, ZORS is composed of two individual members, who are citizens of the state of Florida.

## BACKGROUND FACTS

6.    SUL develops, finances, processes, and exports organic agricultural commodities in direct cooperation with small scale farmers in Uganda. Its main export commodities are sesame seeds, dried chili peppers, and chia seeds.

7.    According to its website, GOLD FOODS produces and sells chia seeds and quinoa.

8.    According to YouTube, ZORS sells organic agricultural commodities, including chia seeds, sesame, royal quinoa, amaranth, rice, Brazilian nuts, sugar, and beans.

9.    On November 4, 2021, SUL and GOLD FOODS entered into Sales Contract 500MT 04112021 whereby SUL contracted to sell 500 metric tons of conventional black chia seeds to GOLD FOODS for a price of $2,200.00 U.S. dollars per metric ton, equaling $1,100,000.00 (the "Contract"). A copy of the Contract is attached as Exhibit A.

10.    SUL delivered all lots of conventional black chia seeds to GOLD FOODS, and at GOLD FOODS's request, to ZORS and other affiliates of GOLD FOODS.

11.     GOLD FOODS failed to timely pay for four (4) lots of conventional black chia seeds including lot 107 for $49,630.00; lot 109 for $46,563.00; lot 112 for $49,630.00; and lot 113 for $49,630.00, totaling $195,453.00.

12.     Lots 107, 112, and 113 were delivered to ZORS at the request of GOLD FOODS.

13.     On September 19, 2022, legal counsel for SUL sent a demand letter to GOLD FOODS and ZORS demanding that they pay the $195,453.00 past due amount by September 28, 2022.

14.     On September 28, 2022, legal counsel for GOLD FOODS sent email correspondence to the legal counsel for SUL introducing himself and advising that he would substantively respond to the demand letter by no later than September 30, 2022.

15.     From September 28, 2022 through October 12, 2022, the legal counsels for SUL and GOLD FOODS negotiated the terms of a settlement agreement culminating with an agreement on its material terms on October 12, 2022 (the "Settlement Agreement"). The terms of the Settlement Agreement are contained in several emails between the aforementioned legal counsels all of which are attached hereto as Exhibit B.

16.     As part of the Settlement Agreement, GOLD FOODS agreed to pay SUL Two Hundred Thousand Dollars ($200,000.00) plus eight and a quarter percent (8.25%) annual interest on all outstanding amounts in five (5) structured payments with the first installment due on October 30, 2022 and the last installment due on February 28, 2023. *See* Ex. B.

17.     GOLD FOODS paid the first installment under the Settlement Agreement on November 7, 2022 in the amount of $41,672.60. As of the filing date of this Complaint, GOLD FOODS failed to pay the November 30, 2022 and December 30, 2022 installments.

18.     All conditions precedent have occurred, have been performed, or have been waived.

## COUNT I—BREACH OF CONTRACT
### (SUL AGAINST GOLD FOODS)

19.     SUL incorporates, repeats, and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20.     The Contract constitutes a valid and binding contract between SUL and GOLD FOODS.

21.     SUL has fully performed all its obligations under the Contract by delivering the conventional black chia seeds to GOLD FOODS (and its affiliate companies, including ZORS, pursuant to GOLD FOODS's request) according to the terms of the Contract.

22.     Despite SUL performing all its obligations under the Contract, GOLD FOODS, without justification, failed to timely pay to SUL $195,453.00 of the Contract.

23.     To date, GOLD FOODS has made only one payment to SUL of $41,672.20 on the outstanding $195,453.00.

24.     SUL has been damaged by GOLD FOODS's failure to pay the full Contract amount.

**WHEREFORE**, SUL requests the entry of judgment against GOLD FOODS in the amount of US$153,780.80, attorney's fees, interest, and costs, and any other monetary or non-monetary relief that the Court considers just and proper.

## COUNT II—UNJUST ENRICHMENT
### (SUL AGAINST GOLD FOODS)
#### (As an Alternative to the First Claim for Relief)

25.     SUL incorporates, repeats, and re-alleges paragraphs 1–4, 6, 7, 10, 11, 13–14, and 18 as if fully set forth herein.

4

26. SUL, to GOLD FOODS's benefit, delivered conventional black chia seeds to GOLD FOODS (and its affiliate companies, including ZORS, pursuant to GOLD FOODS's request).

27. GOLD FOODS knowingly accepted and retained the conventional black chia seeds and, without justification, refused to pay for it.

28. GOLD FOODS, by knowingly accepting and retaining the conventional black chia seeds and not paying for it, has been unjustly enriched.

29. It would be manifestly inequitable to permit GOLD FOODS to be unjustly enriched to its benefit at the expense of SUL.

30. No adequate remedy at law exists.

**WHEREFORE**, SUL requests the entry of judgment against GOLD FOODS in the amount of US$153,780.80 of the benefit that GOLD FOODS received and retained, costs, and any other monetary or non-monetary relief that the Court considers just and proper.

### COUNT III—BREACH OF CONTRACT (SETTLEMENT AGREEMENT)
### (SUL AGAINST GOLD FOODS)
### (As an Alternative to the First, Second, and Third Claims for Relief)

31. SUL incorporates, repeats, and re-alleges paragraphs 1 through 18 as if fully set forth herein.

32. The Settlement Agreement constitutes a valid and binding contract between SUL and GOLD FOODS.

33. SUL has fully performed all its obligations under the Settlement Agreement.

34. Despite SUL performing all its obligations under the Settlement Agreement, GOLD FOODS, without justification, failed to timely pay to SUL all amounts under the Settlement Agreement.

35.     As of the filing date of this Complaint, GOLD FOODS owes $160,000.00 (which is $200,000.00 minus $40,000.00 of principal paid in the first installment) under the Settlement Agreement.

36.     SUL has been damaged by GOLD FOODS's failure to pay the full Settlement Agreement amount.

**WHEREFORE**, SUL requests the entry of judgment against GOLD FOODS in the amount of US$160,000.00, which is the principal amount that remains due and owing under the Settlement Agreement; attorney's fees associated with the enforcement of the Settlement Agreement; annual interest of 8.25% on all outstanding amounts; costs; and any other monetary or non-monetary relief that the Court considers just and proper.

### COUNT IV—UNJUST ENRICHMENT
### (SUL AGAINST ZORS)

37.     SUL incorporates, repeats, and re-alleges paragraphs 1-3, 5, 6, 8, 12–14, and 18 as if fully set forth herein.

38.     SUL, to ZORS's benefit, delivered conventional black chia seeds to ZORS.

39.     ZORS knowingly accepted and retained the conventional black chia seeds and, without justification, refused to pay for it.

40.     ZORS, by knowingly accepting and retaining the conventional black chia seeds and not paying for it, has been unjustly enriched.

41.     It would be manifestly inequitable to permit ZORS to be unjustly enriched to its benefit at the expense of SUL.

42.     No adequate remedy at law exists.

**WHEREFORE**, SUL requests the entry of judgment against ZORS in the amount of US$148,890.00 for the benefit that ZORS received and retained for delivery of Lots 107, 112, and 113; costs; and any other monetary or non-monetary relief that the Court considers just and proper.

Dated: January 10, 2023

Respectfully Submitted,

s/Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
btoth@tothfunes.com
Freddy Funes
Florida Bar No. 87932
ffunes@tothfunes.com
TOTH FUNES PA
Ingraham Building
25 Southeast Second Avenue, Suite 805
Miami, Florida 33131
Telephone: (305) 717-7850

Nathaniel T. Cutler (*pro hac vice forthcoming*)
nathaniel@thorelli.com
THORELLI & ASSOCIATES PC
70 West Madison Street, Suite 5750
Chicago, Illinois 60602
Telephone: (312) 357-0300

*Counsel for Plaintiff Shares! Uganda Limited*