UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-20097-JEM/Becerra

SHARES! UGANDA LIMITED,

    Plaintiff,

v.

GOLD FOODS USA LLC and
ZORS LLC

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court on Plaintiff Shares! Uganda Limited's Motion for Entry of Default Judgment.[1] ECF No. [13]. Plaintiff also filed supporting declarations of Marck Van Esch, director of Plaintiff, and Nathaniel Cutler, Plaintiff's counsel. ECF Nos. [13-1], [13-2]. Defendants did not file a response to the Motion, and the time to do so has passed. Upon due consideration of the Motion, supporting declarations, the pertinent portions of the record, and the applicable law, it is hereby **RECOMMENDED** that the Motion be **GRANTED IN PART AND DENIED IN PART**.

I.    BACKGROUND

In November 2021, Plaintiff and Defendant Gold Foods USA, LLC ("Gold Foods") entered into a contract whereby Plaintiff agreed to sell and Gold Foods agreed to buy 500 metric tons of conventional black chia seeds for a total purchase price of $1,100,000.00 (the "Contract"). ECF Nos. [1] at ¶ 9, [1-1]. Plaintiff delivered all lots of chia seeds that Gold Foods ordered. ECF No. [1] at ¶ 10. However, Gold Foods failed to timely pay for four (4) lots, resulting in an unpaid

---

[1] This Matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [24].

balance of $195,453.00. *Id*. at ¶ 11. Three lots were delivered, at Gold Food's request, to Defendant Zors, LLC ("Zors") and comprise $148,890.00 of the unpaid balance.[2] *Id*. at ¶¶ 11-12.

On September 19, 2022, Plaintiff's counsel sent a demand letter to Defendants requesting payment of the $195,453.00 past due amount by September 28, 2022. *Id*. at ¶ 13. Defendants did not make payment. Rather, between September 28, 2022 and October 12, 2022, Plaintiff's counsel and counsel for Gold Foods negotiated a settlement, the terms of which are documented in email correspondence between the attorneys and are attached to the Complaint. ECF No. [1-2]. In particular, as relevant to the instant Motion, Gold Foods agreed to pay Plaintiff $200,000.00 plus annual interest of 8.25% in five (5) installments beginning on October 30, 2022 and ending on February 28, 2023 (the "Settlement Agreement"). ECF Nos. [1] at ¶ 16, [1-2] at 2-3.

Gold Foods also agreed that Zors "will sign the settlement agreement." ECF No. [1-2] at 3. However, there is no evidence that counsel for Gold Foods represented Zors, or that Zors otherwise participated in the settlement negotiations. There is also no evidence that a formal settlement agreement was executed between the parties. Nonetheless, on November 7, 2022, Gold Foods paid Plaintiff $41,672.60, which represents the first installment payment due under the Settlement Agreement. ECF No. [1] at ¶ 17. Gold Foods did not make any further payments.

On January 10, 2023, Plaintiff filed its Complaint against Defendants. Plaintiff asserts three claims against Gold Foods: (i) Count I for breach of the Contract, (ii) Count II for unjust enrichment, which is raised in the alternative and (iii) Count III for breach of the Settlement Agreement, which is also raised in the alternative. As against Zors, Plaintiff brings a single claim (Count IV) for unjust enrichment. *Id*. at 4-6. With respect to the breach of contract and unjust

---

[2] Specifically, Lot 107 for a purchase price of $49,630.00, Lot 112 for a purchase price of $49,630.00, and Lot 113 for a purchase price of $49,630.00. ECF No. [1] at ¶¶ 11-12.

enrichment claims against Gold Foods, Plaintiff seeks recovery of $153,780.80 plus attorney's fees, interest and costs. *Id*. at 4-5. As to Count III for breach of the Settlement Agreement, Plaintiff requests recovery of $160,000.00 "which is the principal amount that remains due and owing under the Settlement Agreement," as well as costs, annual interest of 8.25% on all outstanding amounts and "attorney's fees associated with the enforcement of the Settlement Agreement." *Id*. at 6. Finally, as to Count IV, Plaintiff seeks $148,890.00 "for the benefit that Zors received and retained for delivery of Lots 107, 112, and 113," as well as costs. *Id*. at 7.

On January 17, 2023 and January 19, 2023, Plaintiff effectuated service of process on Defendants by serving their respective registered agents. ECF Nos. [9], [10]. Defendants did not file a response to the Complaint. Accordingly, on February 14, 2023, the Clerk entered a default against Defendants for failure to appear, answer or otherwise defend. ECF No. [12]. On March 7, 2023, Plaintiff filed the instant Motion. Plaintiff asks the Court to enter default judgment against Gold Foods for breach of the Settlement Agreement in the principal amount of $160,000.00 plus $2,873.15 in prejudgment interest, as well as attorney's fees and costs. ECF No. [13] at 3. Plaintiff also asks the Court to enter default judgment against Zors in the amount of $148,890.00. *Id*. Plaintiff requests that Defendants be held jointly and severally liable for damages, with Zors' liability limited to $148,890.00. *Id*.

## II.   ANALYSIS

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a

sum that can be made certain by computation, . . . on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1).

A default admits plaintiff's well-plead allegations of fact. *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, in determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard).

Once liability has been established, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)) (quotations omitted). Rule 55 does not require an evidentiary hearing on damages where the amount claimed is either liquidated or capable of arithmetic calculation. *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 Fed. Appx. 737, 746–47 (11th Cir. 2017) ("[E]videntiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages") (quotations omitted); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that under Rule 55, district courts are not required to conduct evidentiary hearings).

### A. Plaintiff Is Entitled To Default Judgment Against Gold Foods For Breach of the Settlement Agreement.

To prevail on a claim for breach of contract, a plaintiff must show: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Hearn v. Int'l Business Machines*, 588 F. App'x 954, 957 (11th Cir. 2014) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). The undersigned has carefully reviewed the email correspondence attached to the Complaint and the Declaration of Plaintiff's counsel, ECF Nos. [1-2]; [13-2], and finds that Plaintiff has established the existence of a valid contract. The material terms of the settlement between Plaintiff and Gold Foods are set forth in the email correspondence exchanged between counsel, and Gold Foods plainly accepted those terms by making the first installment payment due under the Settlement Agreement. Plaintiff has also shown that Gold Foods breached the Settlement Agreement by failing to make all required installment payments, and Plaintiff was damaged as a result thereof. Accordingly, the undersigned concludes that Plaintiff has properly stated a claim against Gold Foods for breach of the Settlement Agreement.[3]

Further, a default judgment is proper because the amount due and owing under the Settlement Agreement is a sum certain. The record reflects that Gold Foods owes Plaintiff, pursuant to the Settlement Agreement, the principal amount of $160,000.00 plus prejudgment interest of $2,873.15. ECF Nos. [1-2], [13] at 3, [13-1], [13-2]. However, there is no evidence in the record to support Plaintiff's request for attorney's fees. The Settlement Agreement does not provide for the recovery of attorney's fees, and Plaintiff has not shown that an award of attorney's fees is otherwise warranted. Plaintiff's request runs afoul of "the bedrock principle known as the

---

[3] Given that Plaintiff has not moved for default judgment on Counts I or II of its Complaint, the undersigned does not address the sufficiency of Plaintiff's claims for breach of contract or unjust enrichment against Gold Foods.

'American Rule' [that] [e]ach litigant pays [its] own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019). Accordingly, Plaintiff is not entitled to recover attorney's fees incurred in connection with its efforts to enforce the Settlement Agreement. For these reasons, the undersigned concludes that Plaintiff is entitled to a default judgment against Gold Foods in the amount of $162,873.15.

### B. Plaintiff Is Entitled To Default Judgment Against Zors LLC For Unjust Enrichment.

To prevail on an unjust enrichment claim, a plaintiff must show that: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004)). Plaintiff has satisfied these elements. In particular, Plaintiff alleges that it delivered conventional black chia seeds to Zors worth $148,890.00, which Zors knowingly accepted. ECF No. [1] at ¶¶ 38-39. Plaintiff further alleges that Zors refused to pay for the chia seeds without justification, and thus it would be inequitable for Zors to retain these goods without paying the value thereof. *Id.* at ¶¶ 40-41. Accordingly, the undersigned concludes that Plaintiff has properly stated a claim against Zors for unjust enrichment.

Plaintiff has also established the amount of damages to which it is entitled. The Declaration of March Van Esch specifically identifies the three lots of chia seeds which Zors accepted, and avers that the payment due for each of those lots is $46,630.00. ECF No. [13-1] at ¶¶ 6-7. As such, Plaintiff has adequately shown that Zors has been unjustly enriched at Plaintiff's expense in the amount of $148,890.00.

### III. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Default Judgement, ECF No. [13], be **GRANTED IN PART AND DENIED IN PART**, and the Court enter final judgment against both Defendants, jointly and severally, in the amount of $148,890.00, and as against Gold Foods USA, LLC only in the additional amount of $13,983.15, plus post-judgment interest.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation. The undersigned has shortened the objection period because the Defendant has not made any appearance in this lawsuit. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on November 8, 2023.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE