UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20097-CIV-JEM/EIS

SHARES! UGANDA LIMITED,

   Plaintiff,

v.

GOLD FOODS USA LLC, and, ZORS LLC,

   Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR FINAL JUDGMENT IN GARNISHMENT**

     This matter is before the Court on the Plaintiff's Motion for Final Judgment in Garnishment, ECF No. 27.[1]  The Plaintiff, Shares! Uganda Limited moves for final judgment in garnishment against Garnishee Bank of America, N.A. ("Garnishee") pursuant to Fla. Stat. § 77.083.  ECF No. 27.  Defendants did not file a response to the Plaintiff's motion or move to dissolve the writ, and the time to do so has passed.  On October 31, 2024, the Plaintiff filed a Notice of No Opposition to Plaintiff's Motion for Final Judgment in Garnishment, ECF No. 30, representing that counsel for the Defendant, Gold Foods USA LLC, informed counsel for the Plaintiff that Defendant Gold Foods USA LLC does not oppose the Plaintiff's motion.  Upon consideration of the Plaintiff's motion, the applicable law, and the record in this case, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's motion be **GRANTED**.

     **I.    BACKGROUND**

     On March 28, 2024, final judgment was entered in this case in favor of Plaintiff Shares! Uganda Limited and against Defendants Gold Foods USA LLC ("Gold Foods") and ZORS LLC

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the Plaintiff's motion to the undersigned for a report and recommendation.  ECF No. 28.

("Zors"), jointly and severally, in the amount of $148,890.00, and against Defendant Gold Foods, individually, for an additional amount of $13,983.15. ECF No. 21.

On March 28, 2024, the Plaintiff filed a motion for issuance of writs of Garnishment on Bank of America, ECF No. 22, and the Clerk of the Court issued the writs on that same day, ECF No. 23. The Garnishee, Bank of America, answered the writs of garnishment on April 3 and 4, 2023. ECF Nos. 24, 25. In its answers, the Garnishee stated that it had in its possession or control one account in the name of Defendant Gold Foods, ending in 1972, with a balance of $40,177.02 ("Account 1972"), which might be subject to the writ. ECF No. 24. The Garnishee also stated that it did not have any accounts in its possession or control in the name of Defendant Zors that might be subject to the writ. ECF No. 25.

The Plaintiff thereafter certified that it served the Plaintiff's motion for the issuance of the writs, the writs, the Garnishee's answers to the writs, and the notices required by Fla. Stat. § 77.055 on the Defendants on April 5, 2024, via U.S. mail. ECF No. 26. On May 1, 2024, the Plaintiff filed the instant motion for final judgment in garnishment, seeking to garnish Account 1972. ECF No. 27.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 69, the Court must follow state law with regard to garnishment procedures. Fed. R. Civ. P. 69(a)(1). The rule specifically provides for garnishment as a remedy. *Id.* In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. Fla. Stat. § 77.01. "[U]nder Florida law[,] '[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute.'" *Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 870 (11th Cir. 2018) (quoting *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009)); *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1241 (M.D. Fla. 2015) ("Garnishment statutes must be strictly construed."), *aff'd sub nom.*

*Regions Bank v. G3 Tampa, LLC*, 766 F. App'x 772 (11th Cir. 2019); *PACA Tr. Creditors of Worldwide ex rel. Worldwide Produce & Groceries, Inc. v. Harbour Lobster & Fish Co., Ltd.*, 12-24288-CIV, 2015 WL 1825947, at *2 (S.D. Fla. Apr. 21, 2015) (applying the "strict compliance standard imposed on writs of garnishment").

Service of the writ on the garnishee "shall make [the] garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer." Fla. Stat. § 77.06(1). "Service of the writ creates a lien in or upon any such debts or property at the time of service . . . ." *Id.* Additionally, once a writ of garnishment is issued,

> [t]he plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.

Fla. Stat. § 77.041(2). The plaintiff shall then file a certificate of such service. *Id.*

Within five days after service of the garnishee's answer, the plaintiff must serve on any defendant the answer and a notice advising the defendant that he or she must move to dissolve the writ of garnishment "within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055. The plaintiff shall again file a certificate of such service. *Id.* Thus, "[a]fter a writ of garnishment is issued, Chapter 77 requires that the plaintiffs provide two separate notices in connection with the garnishment proceeding." *Patino v. El Rey Del Chivito Corp.*, No. 10-23726-CIV, 2013 WL 6670428, at *1 (S.D. Fla. Dec. 18, 2013).

A defendant's failure to timely file a claim of exemption or motion to dissolve forfeits the defendant's exemption claim and opportunity to dissolve the writ. *Branch Banking & Tr. Co.*, 730

3

F. App'x at 871. "Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer or trial." Fla. Stat. § 77.083. Any judgment entered against the garnishee may not be greater than "the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less[.]" *Id.*

### III.   ANALYSIS

A review of the record reveals that the Plaintiff has complied with the requirements and "strict deadlines" of Chapter 77 and is therefore entitled to final judgment in garnishment against Garnishee pursuant to § 77.083. *See* Fla. Stat. §§ 77.041, 77.055, 77.083; *Strutton v. Anderson*, No. 22-61294-MC-ALTMAN/HUNT, 2023 WL 1992226, at *1 (S.D. Fla. Jan. 6, 2023) ("Fla. Stat. 77.041 gives strict deadlines by which notice must be served . . . ."). The Plaintiff has an outstanding judgment against Defendant Gold Foods for $162,873.15. ECF No. 21. The writ of garnishment was issued by the clerk on March 28, 2024. ECF No. 23. The Garnishee answered the writ on April 3, 2024, and stated that it has in its possession $40,177.02 in an account in the name of Defendant Gold Foods. ECF No. 24. Two days later, on April 5, 2024, the Plaintiff filed a notice, certifying that on April 5, 2024, the Plaintiff served the Defendants with a copy of the Plaintiff's motion for issuance of the writs, a copy of the writs, a copy of the Garnishee's answers to the writs, and notice as required by § 77.055, the latter which the Plaintiff attached to its notice of filing. ECF No. 26. Thus, all of the documents required to be served by §§ 77.041(2) and 77.055 were served on the Defendants by the Plaintiff. *See id.* Moreover, the materials required by § 77.055 were served on Defendants within two business days of the Garnishee's answer to the writ. *See* ECF Nos. 24, 26.

The materials required by § 77.041(2) were also served on Defendants within five business days of the issuance of the writ. Here, the writ was issued on Thursday, March 28, 2024, and the

4

Plaintiff thereafter had five business days to serve the Defendants with a copy of the writs and a copy of the motion seeking such writs. Fla. Stat. § 77.041(2). Although the following day, March 29, 2024, was a Friday, it was also a legal holiday under Florida law, and it was thus not a "business day." *See Bell Transp., LLC v. Dep't of High. Saf. & Motor Vehs.*, 351 So. 3d 249, 251 (Fla. 2d DCA 2022) (recognizing that a "business day" does not include a legal holiday); Fla. Stat. § 683.01(i) (designating Good Friday as legal and public holiday); Fla. R. Gen. Prac. & Jud Admin. 2.514(a)(6) ("'Legal holiday' means . . . (B) any day observed as a holiday by the clerk's office or as designated by the chief judge."); https://supremecourt.flcourts.gov/Practice-Procedures/Court-Schedule (last visited September 11, 2024) (observing Good Friday, March 29, 2024, as a holiday); https://3dca.flcourts.gov/Clerk-s-Office/Court-Holidays (last visited September 11, 2024) (observing Good Friday, March 29, 2024, as a holiday); https://www.jud11.flcourts.org/About-the-Court/Court-Holidays-Closings (last visited September 11, 2024) (observing Good Friday, March 29, 2024, as a holiday). Thus, the Plaintiff timely served the documents required by § 77.041(2) within five business day following the issuance of the writ of garnishment. *See* ECF Nos. 23, 26.[2]

Although timely served in accordance with §§ 77.041 and 77.055, Gold Foods did not timely claim an exemption to garnishment, nor did it move to dissolve the writ. *See* Fla. Stat. §§ 77.041, 77.055, 77.07. On the contrary, Gold Foods does not oppose the entry of judgment against the Garnishee. ECF No. 30. The Plaintiff has therefore met the statutory requirements of Chapter 77 and is entitled to final judgment in garnishment against Garnishee for the amount

---

[2] Although it is possible that the Plaintiff also complied with § 77.041(2) by serving the required documents on the Defendants within three days of service of the writ on the Garnishee, *see* Fla. Stat. § 77.041(2), the Plaintiff has not provided any information about the date on which it served the writ on the Garnishee, *see* ECF No. 27, so the Court could not, and therefore did not, analyze whether service was timely based on that date. Such an analysis is in any event unnecessary because, as set forth above, the Plaintiff complied with § 77.041(2) based on the date of issuance of the writ.

disclosed in Garnishee's answer, $40,177.02.  *See* Fla. Stat. § 77.083.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Final Judgment in Garnishment, ECF No. 27, be **GRANTED** and that final judgment be entered in favor of the Plaintiff and against Garnishee Bank of America in the amount of $40,177.02 pursuant to Fla. Stat. § 77.083.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation.  Accordingly, within three (3) days of the date of this Report and Recommendation, that is, **by Thursday, November 14, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 11th day of November 2024.

                                                EDUARDO I. SANCHEZ
                                                UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record